UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

PAMELA SUE TYNDALL,             Case No. 17-22168
                                             Chapter 13 Proceeding
           Debtor.                       Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S OBJECTION TO
CLAIM NO. 4 OF CREDITOR MISTY TYNDALL (DOCKET NO. 76); AND MOTION TO
AMEND CLAIM NO. 4 FILED BY CREDITOR MISTY TYNDALL (DOCKET NO. 79)

Facts and Background

The Debtor objects to Proof of Claim No. 4 of Misty Tyndall, who is the former spouse of Debtor's non-filing current spouse. Misty Tyndall filed Claim No. 4 on February 26, 2018 in the total amount of $6,241.25, claiming this total amount is secured by a judgment lien on real estate valued at $26,000.00. Attached to her Proof of Claim is the following itemization:

| | |
|---|---|
| Original Judgment as of 01/07/15 | 7,831.70 |
| Balance as of 12/18/15 | 8,286.82 |
| Balance as of 11/16/17 (less Alan & Hope seizure) | 5,688.78 |
| Pre Chapter 13 expenses, fees, other charges Bankruptcy Rule 3001(c)(2)(A) | |
| Copies provided (1,046.63) | 6,735.41 |
| Garnishment payments applied (494.16) | <u>6,241.25</u> |
| Current Judgment Balance | 6,241.25 |

Also attached to the Proof of Claim is a Notice of Judgment Lien dated October 7, 2015, in the then current balance amount of $7,945.70, as well as a Default Judgment entered by this Court on March 20, 2017, in Adversary Proceeding 17-2007. This Adversary Proceeding was

1

commenced by Misty Tyndall against Debtor pursuant to 11 U.S.C. § 523(a)(2) and (a)(6). The Default Judgment entered against Debtor found the total amount excepted from discharge to be $8,286.82.

In her original objection, Debtor based her objection to claim on the $8,286.82 amount in the Default Judgment, asserting that this amount should be reduced by the amounts paid this creditor, which total $6,901.98. Debtor originally asserted that this leaves a total balance owed to Misty Tyndall of $1,384.84. Misty Tyndall responded, disputing the amounts paid constitute all of the amounts she is entitled to, further asserting that her claim includes additional attorney fees, court costs, interest and costs for service.

The Court conducted a hearing on October 25, 2018, regarding the Debtor's objection to the claim of Misty Tyndall. At that hearing, counsel for Debtor conceded that his calculations in the claim objection may not be correct. Accordingly, the Court entered an Order on October 29, 2018, allowing the filing of supplemental briefs, with a further hearing to be set if the Court deemed such necessary. Rather than file a supplemental brief, on October 26, 2018, Misty Tyndall filed a Motion to Amend her claim, which the Court has determined is, in effect, a supplement to her claim. Debtor filed an "objection" to this pleading on November 30, 2018, which the Court also treats as the required supplemental brief. After the filing of the supplemental pleadings, the dispute as the amount of claim centers on two categories: (1) Misty Tyndall's costs, fees and lost wages; (2) and the total Misty Tyndall has received from garnishments. Both sides agree that the starting point for this claim calculation is the $8,286.82 Default Judgment amount. Both sides agree that accrued interest should be added to this amount. The Court accepts the calculation proposed by Debtor pursuant to MCLA § 600.6013, and will add the amount of $102.82 for interest, which results in a total beginning balance owed of $8,389.64.

From the $8,389.64, both sides agree to the following deductions to be made representing payments made to Misty Tyndall:

| | |
|---|---|
| Checks from seizure of assets by Allen Hope & Assocs.: | $3,129.00 |
| Total payments received from Chapter 13 Trustee: | $1,710.16 |
| Total agreed deductions: | $4,839.16 |

As to the first category of disagreement, Debtor asserts the garnishments received by Misty Tyndall after the Default Judgment total $1,095.82. Misty Tyndall disagrees, and states this amount is $494.16, which puts $601.66 in dispute.

The second category of disagreement is the amount of costs Misty Tyndall claims. The total claimed in this category is $1,932.27, consisting of: "All out of pocket costs to pursue Judgment (Bankruptcy Court fees, Adversary Fees, Postal costs, PACER fees, copies, 70th District Court fees, Saginaw County Clerk fees, court transcripts, lawyer fees, Interest Incurred to obtain Civil Judgment.)" Misty Tyndall also claims $623.04 in "[l]ost wages for Creditor to represent herself as legal counsel." Debtor asserts no costs should be awarded because Misty Tyndall did not follow the proper procedure to tax costs under applicable bankruptcy rules and the doctrine of judicial estoppel.

The Court has reviewed the record and the supplemental pleadings filed. The Court determines a further hearing is not necessary. The Court sustains in part and overrules in part the objection of the Debtor to the claim of Misty Tyndall.

Applicable Law

Rule 3001(f) states:

> (f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The Claim must still set forth facts necessary to support the claim and be in the

proper form. Fed. R. Bankr. P. 3001(a). The objecting party to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. The objection must have probative force equal to the contents of the claim. *In re Unimet Corp.*, 74 B.R. 156 (Bankr. N.D. Ohio 1987). The objecting party's burden is by a preponderance of the evidence. *Cal. State Bd. Of Equalization v. Official Unsecured Creditors' Comm. (In re Fid. Holding Co., Ltd.)*, 837 F.2d 696 (5th Cir. 1988). More than a mere unsubstantiated objection to form is required. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000). If the objecting party produces evidence to refute at least one of the allegations essential to the legal sufficiency of the claim, the burden of persuasion shifts back to the claimant. *In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004).

<u>Analysis</u>

The disputed amounts are:

| | |
|---|---|
| Garnishments: | $601.66 |
| Costs, fees, etc.: | $1,932.27 |
| Lost wages: | $623.04 |

As to the dispute over garnishments received, Debtor asserts the total garnished was $1,095.82, while claimant asserts the total is lower, $494.16. Debtor attaches documentation to substantiate the $1,095.82 amount in the form of a Final Statement on Garnishment of Periodic Payments, dated April 23, 2018. This document represents the total garnished from the wages of Debtor's spouse, Timothy Tyndall, under a Writ of Garnishment issued on November 6, 2017, until he filed a separate, Chapter 7 bankruptcy on April 19, 2018. Misty Tyndall has provided nothing to the Court to contradict the $1,095.82 amount. The Court, therefore, finds that the total garnished under the Default Judgment is $1,095.82.

The Court addresses the claimed costs and fees next. The Court disagrees that Misty Tyndall was required to file a separate motion for costs and fees. The March 20, 2017 Default Judgment is the defining point in time and that Debtor's actions and Debtor's non-filing spouse's own subsequent bankruptcy filing were a cause of a portion of these costs and fees. Accordingly, the costs and fees incurred by Misty Tyndall are a direct result of Debtor's actions and should be repaid to Misty Tyndall. The Court concludes that claimant would be entitled to all fees and costs incurred after this date related to collection on this judgment under applicable state law. The Court has reviewed the attachments to Misty Tyndall's supplemental pleading filed on October 26, 2018 and finds that the total amount of costs is $258.77. As to the remaining amount claimed in this category, the Court finds that either: such pre-date the Default Judgment; or the Court cannot discern when such were incurred, or whether such exist at all. The Court declines to grant any request for lost wages made by Misty Tyndall, because this request is completely unsupported by any pleading or proof before the Court.

For these reasons, the Court concludes that Debtor has proven by a preponderance of the evidence that certain portions of the claim of Misty Tyndall should be reduced. The Court allows all substantiated costs and fees incurred after the March 20, 2017 Default Judgment, which is calculated to be $258.77. The Court finds the total received by Misty Tyndall from garnishments to be $1,095.82. Finally, the Court will not allow any amount for lost wages claimed by Misty Tyndall. Thus, the total awarded on this claim is $2,713.43, calculated as follows:

Total balance owed on Default Judgment, including $102.82 in interest:   $8,389.64

    ADD:

        Fees, Costs, Etc., incurred after Default Judgment:   $258.77

LESS:

| | |
|---|---|
| Allen Hope & Assocs. Seizure: | $3,129.00 |
| Garnishments: | $1,095.82 |
| Chapter 13 Trustee Payments: | $1,710.16 |

**TOTAL ALLOWED CLAIM:**                $2,713.43

The Court will prepare an appropriate order.

**Not for Publication**

**Signed on January 04, 2019**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge